Cheshire,
Jan. 4, 1921.

### PETITION OF WILLIAM S. TUTTLE, *Ex'r.*

A bequest "on condition" that the legatee shall care for and keep in repair certain property may evince an intention to create a trust and not a condition subsequent, the breach of which would cause a forfeiture.

A bequest to a town and its successors, to keep in repair forever the family burial lot of the testator in a public cemetery, is a trust for a public purpose and the town has authority to accept the trust and to perform such fiduciary duties.

A public trust is not subject to the rule against perpetuities.

PETITION, by the executor of the will of Henry W. Griffiths for the advice of the court as to the construction of the will of the testator. Transferred from the April term, 1920, of the superior court by *Sawyer*, J., without a ruling.

The will provides, first, for the payment of his debts; second, the residue of his estate he gives to the town of Stoddard, N. H., "to have and to hold to said town and its successors forever, but this gift is on condition that said town shall care for properly and keep in repair forever the lot in the cemetery, near the middle of said town, in which my mother lies buried and in which I also expect and desire to be buried," and third, for the appointment of the petitioner as executor.

The executor now has in his hands money and securities of the estate amounting to about $4,100. The sole heir of the testator is one Benjamin H. Griffiths who is the father of the testator, who claims to be entitled to the residue of the estate. The petitioner asks for instructions whether he shall pay said residue to the town of Stoddard under the conditions of the will, or what disposition he shall make of it.

*Philip H. Faulkner, Charles H. Hersey* and *Chester B. Jordan (Mr. Jordan* orally), for the petitioner and Stoddard.

*Branch & Branch (Mr. Frederick W. Branch* orally), for Benjamin H. Griffiths.

WALKER, J. It is contended in behalf of Benjamin H. Griffiths that the bequest to the town of Stoddard is void, because it makes it incumbent on the town, upon its acceptance of the bequest, to forever keep in repair the burial lot described in the will, and that a town cannot perform this service since it is not within the corporate powers of towns as generally understood. Although by the language of the will the testator gave the remainder of his estate to the town "on condition that said town shall care for properly and keep in repair forever" the burial lot in question, it is not open to serious doubt that his intention was to create a trust. He did not intend to limit the estate by a condition subsequent which, if not performed, would result in a forfeiture. Upon this point extended discussion is unnecessary. *Ashuelot National Bank* v. *Keene*, 74 N. H. 148; *Keene* v. *Eastman*, 75 N. H. 191; *Hoyt* v. *Kimball*, 49 N. H. 322; *Chapin* v. *School District*, 35 N. H. 445; *Rawson* v. *School District*, 7 Allen 125.

The principal contention is that if it is held that the purpose of the testator was to establish a trust, the character of the trust is so far foreign to the powers of towns that the town of Stoddard cannot execute it and hence that its formal acceptance of the trust was ineffective and *ultra vires*. But the trust does not require the trustee to perform merely the duties of a private nature as contradistinguished from those of a municipal character. The duties connected with the trust are of a public nature, the performance of which is expressly authorized by the legislature, and may constitute a charitable trust. "Towns may take and hold in trust, gifts, legacies, and devises made to them for the establishment, maintenance, and care of . . . cemeteries and burial lots." P. S., c. 40, s. 5. By an amendment adopted in 1901, c. 83, it was provided that, "Towns and cities are hereby authorized to receive from cemetery associations or individuals funds for the care of cemeteries or any lot therein . . . sinking funds, and pay thereon an annual income not exceeding three and one half per cent per annum, and the income thereof shall be expended by said town or city in accordance with the terms of the trust or contract under which the same was received." In 1907, c. 70, the following language was added, "and towns shall take and hold in trust gifts

legacies and devises made to them for the care of cemeteries and burial lots when the terms of the gift, legacy or devise do not impose any liability upon the town beyond the amount of the gift, legacy or devise and the income thereof." Among the general powers specially conferred upon towns is power "to establish cemeteries, and parks or commons, and to improve the same; to provide and maintain receiving-tombs." P. S., c. 40, s. 4. In 1911, by Laws 1911, c. 32, executors and administrators were authorized to pay, upon the order of the judge of probate "to cities or towns having burial places therein, a reasonable sum of money for the perpetual care of the lot in which the body of their intestate is buried, and the monuments thereon."

It is thus clearly apparent that the care of burial lots by towns, in accordance with the reasonable terms of trust deeds and legacies to them, may be a public duty in the nature of a public charity. Such service by a municipal corporation is as much a public service as it is when performed by a private association. Whether express legislative authority is necessary in the case of a town when made the trustee, need not be considered, since ample legislative authority is not wanting, not only to justify the exercise of the power but to show that the policy of this state recognizes its public character. The obligation to "keep in repair forever the lot in the cemetery, near the middle of said town, in which my mother lies buried and in which I also expect and desire to be buried," is a duty with reference to a burial lot in a public cemetery, not in a merely private or family burial ground undevoted to the use and convenience of the public. As the service required is public, the trust is for a public purpose and the town has authority to accept the trust and perform the fiduciary duties designated. *Webster* v. *Sughrow*, 69 N. H. 380; *Crowell* v. *Londonderry*, 63 N. H. 42; *Brown* v. *Cemetery*, 78 N. H. 387. The doctrine of perpetuities therefore has no application.. *Rolfe and Rumford Asylum* v. *Lefebre*, 69 N. H. 238; *Merrill* v. *Missionary Union*, 73 N. H. 414.

In *Sargent* v. *Cornish*, 54 N. H. 18, it was held that a town is capable of holding trust funds on condition that it should annually expend the income in the purchase and display of national flags, upon the broad ground that its power is not "circumscribed by any other limitations than such as should exclude inconsistent, incompatible and improper objects." (*p.* 22.) That the object of the trust in this case is not inconsistent with the general powers of towns and is in itself praiseworthy and in accord with the general ideas of honoring the dead, are further reasons, aside from those already discussed,

why the town should be permitted to hold and administer the trust. Moreover it has been held that maintaining cemeteries is in the interest of the public health and therefore a proper subject for a public trust. *Starr Burying Association* v. *Association,* 77 Conn. 83, 87.

The amount of the trust fund is about $4,100 and it is claimed that only so much of this sum should be turned over to the trustee as is necessary to produce an income sufficient to pay for the reasonable repairs on the lot. But the case discloses insufficient facts on which to base a conclusion upon the question sought to be raised. It cannot be said that the income from the fund will be more than sufficient to pay for the reasonable repairs and improvements on the lot. What the income will be, what repairs will be necessary and what the size, condition and character of the lot is, are not disclosed and cannot be found by conjecture. There is in fact no evidence authorizing a finding that the legacy is grossly disproportionate to the repairs which are or may become necessary.

The executor is advised to pay the amount of the legacy to the town.

*Case discharged.*

All concurred.